UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY LEISURE, | ) | CIV. 11-4079-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BOP MEDICAL STAFF, Yankton, SD; WARDEN; ASSISTANT WARDEN; and UNIT TEAM, | ) ) ) ) | |
| Defendants. | ) | |

**NATURE AND PROCEDURE OF THE CASE**

Plaintiff, Jeffrey Leisure, commenced this action seeking relief pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights when they denied him medical treatment in violation of the Eighth Amendment. Leisure alleges in his complaint as follows:

> [I] [h]ave been to medical over 50 times in 15 months and they discontinued my pain meds and have done nothing to ease my pain.
> [I] [h]ave been out to see [a] surgeon and was told surgery was needed, but yet the[y] still won't give me anything for pain management, or the surgery.

Complaint, Docket 1.

In an order dated July 5, 2011, this court determined that Leisure had properly stated a claim for relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and allowed him to proceed *in forma pauperis*. Defendants were served and now move to dismiss the action based upon Leisure's failure to exhaust his administrative remedies.

Defendants also allege that the matter should be dismissed as moot because Leisure is no longer subject to the conditions for which he seeks relief.

## DISCUSSION

Under the Prisoner Litigation Reform Act (PLRA), a prisoner must exhaust his administrative remedies before he may file suit. The PLRA provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In discussing the requirement of exhaustion, the Eighth Circuit has held that when

> considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

*Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of defendants' assertion that Leisure has not exhausted his administrative remedies, defendants provide the affidavit of Diane Meyers, the Administrative Remedy Clerk for the Federal Prison Camp in Yankton, South Dakota. See Docket 15. The affidavit provides that an inmate must file a grievance at the institutional level, followed by an appeal to the regional level, and then an appeal to the General Counsel's Office in order for administrative

remedies to be considered exhausted. *See* Affidavit of Diane Meyers, ¶ 3. The affidavit further provides as follows:

> 6. I have reviewed SENTRY to determine whether he [Leisure] filed any administrative remedies regarding (1) his request for hernia surgery, and; (2) his request for pain medication.
> . . .
>
> 7. Based on this review, I have determined that inmate Leisure filed administrative remedies requesting hernia surgery and pain medication at the institution and regional levels. The institutional remedy was closed as repetitive and the regional appeal was closed with explanation. There is now a record that the Central Office received an appeal on July 26, 2011; however, the response is not due until September 24, 2011.

See *id.*, ¶¶ 6-7.

In the instant case, the complaint was filed on June 10, 2011. As set forth in the affidavit, the final phase of the administrative remedies was not commenced until July 26, 2011. As a result, the case must be dismissed because Leisure had not exhausted his administrative remedies at the time of filing this action.

Leisure argues that it is not necessary to wait for a response to the administrative remedy before filing this action. He further asserts that defendants are unnecessarily delaying the proceedings. The United States Supreme Court, however, noted that exhaustion of administrative remedies is mandatory. *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). The Supreme Court stated that "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.,* at 524. Thus, Leisure's assertion that he may proceed

without completing the administrative process is without merit and the case must be dismissed.

Having determined that Leisure may not proceed due to a failure to exhaust his administrative remedies, the court need not determine whether the action is moot due to Leisure's transfer to a residential re-entry center. Additionally, the court need not address Leisure's motion to amend the complaint to add additional defendants or his motions for the appointment of counsel or entry of summary judgment. Accordingly, it is

ORDERED that defendants' motion to dismiss (Docket 13) is granted without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to amend the complaint (Docket 12) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for the appointment of counsel (Docket 9) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (Docket 19) is denied as moot.

Dated December 1, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE